■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE STRINGFELLOW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered March 29, 1984, convicting him of criminal possession of a controlled substance in the first

degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress evidence.

Judgment affirmed.

The defendant challenges his conviction on the ground that the hearing court improperly refused to suppress a handgun, a quantity of cocaine, and certain drug paraphernalia which were found in his apartment. The record reveals that the police entered the defendant's apartment with his consent in order to resolve a landlord-tenant dispute. While inside, they observed an open walk-in closet with a light on inside. The officers saw a balance scale, beneath which they noticed a mirror with white powder on it. The officers also observed a bottle labeled "Lactose", a razor, and a strainer, which they recognized to be drug paraphernalia. They thereupon placed the defendant under arrest and read him the *Miranda* warnings. Upon questioning, the defendant stated that he had an unlicensed gun in the safe, but he refused to open it for the officers. The safe was then removed to the police station where, after the issuance of a search warrant, it was determined to contain a handgun and over four ounces of cocaine.

We find that the hearing court properly refused to suppress the physical evidence. There is no indication in the record that the defendant's consent to the entry of the police officers was anything other than voluntary (see, *People v Gonzalez,* 39 NY2d 122, 127-128). Having effectuated a lawful entry into the apartment (see, *People v Gallmon,* 19 NY2d 389, 394-395, *cert denied* 390 US 911), the officers were justified in seizing the drug paraphernalia in plain view (see, *People v Jackson,* 41 NY2d 146, 150). Moreover, we conclude that the evidence adduced at trial, viewed in a light most favorable to the People, is sufficient to sustain the defendant's convictions (see, *People v Contes,* 60 NY2d 620). Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.